THE STATE, DEFENDANT IN ERROR, v. WILLIAM JAYSON, PLAINTIFF IN ERROR.

Submitted February 7, 1923—Decided June 5, 1923.

Crimes—Assault and Robbery—Defence of Alibi—Examination Regarding Written Confessions—Statements as Evidence—Error in Charge—Form of Written Confession.

Before Justices PARKER, BERGEN and MINTURN.

For the state, *John O. Bigelow,* prosecutor of the pleas.

For the plaintiff in error, *Grosken & Moriarty.*

PER CURIAM.

The defendant was indicted jointly with John Brice and Charles Wright for assault and robbery from the person. The case, on behalf of the state, showed that early in the day of October 3d, 1921, two men entered the store of the Beck Hazzard Company, in Newark, New Jersey, which had been opened for business by the manager, a Mr. Choate, who was then the only person there except the two men who had come in. One of these men asked him for a pair of shoes, and then Wright struck him on the head, knocking him down, after which one or both of the men took from his person some money and jewelry. Brice and Wright plead guilty and were sentenced to a term in the state prison. The defendant was then tried, convicted, and has taken a writ of error to review that judgment on which he assigned error, as well as filing specifications of causes, in support of his writ. His defence at the trial rested on an alibi. Brice and Wright were called as witnesses for the state, and both testified that they and defendant arranged to rob the safe in the store; that defendant had formerly worked there and knew the combination, but he did not want to go in until the manager was disposed of, as he would know him; that after the manager had been knocked down and tied the defendant was called, came in and attempted to open the safe, but could not because the combination had been changed since he had left his employment in the store, and all three went out, and the money taken from the manager and cash register was divided between the three. The defendant signed two written statements, and in one of them admitted walking with Brice and Wright to within a block of the store on the morning of the robbery, but refused to take part and walked away from the store, but came back just as the other two were leaving, and ran with them a short distance and then walked, and went into an auto bus, into which Brice and Wright followed. The second statement seems to be a part of the first, and concludes that he had never seen either of the other two men since they parted that day. These papers are marked *Exhibits D4* and *S5*. Another exhibit in the case marked *D1* was an affidavit

made by Brice while in prison on the 22d of June, 1922, about three months before he was sworn as a witness at the trial, in which he said that the first time he met defendant was at police headquarters, which was in March, 1922.

Appellant's first point argued is that it was improper to allow the state to cross-examine defendant about his written statements. We see no error in this because defendant had testified, on his own behalf, denying his presence at the scene of the crime, but had identified his signature on the statements, and, being in contradiction of his testimony, the state was entitled to prove the statements and their authenticity, and to put them in evidence later. The order of the proof is within the discretion of the court.

The next point argued is that it was error to admit the statements in evidence, on the ground that, although questions were asked, the statement was taken down in narrative form omitting the questions. A reading of the statements show an intelligent and connected statement of facts, which the defendant over his signature certified he had read, that it was true and made of his own free will without threats or promises, and while it denied his presence at the store when the crime was committed, it admitted acts done by him in connection with it that tended, if credited, to impugn his veracity on the question of his denial as to presence at the commission of the crime. Proof of statements by a defendant, which are inconsistent with his testimony at the trial, are clearly competent on the question of his veracity, even if such admissions contain the denial of the perpetration of the crime. No other reasons are given, and the exception was to a ruling admitting the statements in evidence, notwithstanding the objections based on the reasons stated, and forms no basis for the assignment of error on which the argument now made can rest. The argument is that although they were offered for the sole purpose of contradicting certain testimony of defendant, they had the effect on the jury of confessions by defendant that he was present abetting the crime. That they may have permitted such an inference is true, but that objection was not called to the attention of the trial

court as a reason for their rejection when offered. As was said by Mr. Justice Pitney in *State* v. *MacQueen*, 69 *N. J. L.* 522 (529): "Every presumption is in favor of the correctness of the result reached below, unless by the exceptions it is made to appear that some ruling injurious to the defendant was made by the trial judge in violation of some legal principle that was presented at the time for his consideration." This disposes of the exception so far as the assignment of error under the writ of error is concerned.

Turning to the specification of causes under the one hundred and thirty-sixth section of the Criminal Procedure act (*Comp. Stat., p.* 1863), it is enough to say that defendant suffered no manifest wrong or injury by their admission. In them he admitted that he was in the company of the other robbers, and went with them on the way to the place the crime was committed and knew what they proposed to do, but refused to enter the store and walked past it; took no part in the crime, but met them after it was committed. As a witness he testified he had never seen Brice or Wright until at police headquarters after the robbery; that he was not with them on the morning of October 3d, 1921, and was not in the store when the crime was committed, which was entirely inconsistent with the contents of his statements. On his cross-examination he was confronted with his written statements and denied he made any such statement, but admitted his signature to them. The cross-examination was objected to, but admitted as showing a previous statement or admission of facts at variance with his testimony, and were competent evidence impeaching his veracity when he testified that he was not at the place of the commission of the crime, and did not then know either Brice or Wright. That in the statement he denied any participation in the crime, did not render them inadmissible as to other relative facts. The wrong and injury referred to in the statute means legal wrong and injury, and as the statements were competent evidence on the question of his presence or absence at the perpetration of the crime, their admission was not the wrong or injury contemplated by the statute.

The next point argued is that it was error to refuse to charge as requested on defendant's behalf that the statements "can be used by the jury only as evidence to contradict the statements by Jayson as a witness in this case, and cannot be used as affirmative evidence of his guilt of the charge laid in the indictment now being tried, because they were introduced in rebuttal and not as a part of the state's main case." Manifestly, this the court ought not to have charged, because whether introduced in rebuttal or as a part of the main case for the state, if otherwise competent, was of no consequence. The order of proof is within the discretion of the court which was not abused.

The next point is alleged error in the charge. The proof shows that while Brice was in state prison, the defendant, his father, Wright, and the attorney of defendant, Dr. Appel, went to see him, and claimed to have obtained an affidavit, made by Brice, that the first time he met the defendant was at the police headquarters in Newark, which was admitted as evidence on defendant's behalf. Brice admitted his signature but denied that he understood its purport, but was told if he signed it he would get out. When the affidavit was produced there were present, besides those named, a number of prison officials who were not called as witnesses. Appel testified that Brice made a statement that defendant was not with him when the crime was committed, which he wrote down in the shape of an affidavit, which Brice refused to sign, and that he destroyed it, and he prepared the affidavit produced, and Brice signed it. The alleged erroneous part of the charge is based on the foregoing summary of facts on which the court charged that it was a salient circumstance that the officers of the prison who were present when the affidavit was made were not called, was witnesses to prove that Brice did in fact make the statement. This was a mere comment on the weight of the evidence of appellant, the lawyer and defendant's father, which might have been corroborated by persons disinterested, and their absence a ground of fair comment so long as the jury were not controlled, and they were not.

Another point is that the court erroneously charged the jury that, in his opinion, it was a salient circumstance that

appellant had destroyed the record he made of the first state-ment Brice made and refused to sign. This was nothing more than a comment on the evidence, and not reviewable.

The next matter argued is that when the officer, Ryan, who wrote defendant's statement, was asked what it repre-sented, answered, "It represents his confession of being im-plicated," and at this point he was interrupted and defend-ant moved to strike out the answer, and the state consented. The error claimed is that the court made no ruling, but was it asked to do so, both parties acting as though by consent of parties it was stricken out. At any rate the court did not refuse, and defendant did not insist on an affirmative ruling.

Another point made is that the verdict is against the evi-dence. This point was not argued, and, therefore, may be considered as abandoned, but our consideration of the evi-dence leads us to the conclusion that it is not against the weight of the evidence.

The other points made are without merit or not argued. The judgment will be affirmed.